Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2298 | **DATE** | 6/28/2007 |
| **CASE TITLE** | Bill Rivera, et al. Vs. Gloria Valiente | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Government's motion to dismiss [3] is granted. Therefore, we dismiss the instant action as to the Government and remand the instant action back to the Circuit Court of Cook County. All pending dates and motions are hereby stricken as moot.

■[ For further details see text below.]            Docketing to mail notices.

### STATEMENT

     This matter is before the court on Government's motion to dismiss. We first note that Plaintiffs were given until May 17, 2007, to answer the Government's motion to dismiss. Such date has passed without an answer by Plaintiffs. Thus, the Government's arguments in its motion are uncontested.

     Plaintiffs allege that Defendant Gloria Valiente, M.D. ("Valiente") and Defendant Mercy Hospital and Medical Center negligently cared for Plaintiff Bill Rivera after his birth, causing him to suffer neurological dysfunctions. Valiente was allegedly a physician for Alivio Medical Center at the time the alleged negligence occured. According to the Government, Alivio Medical Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. On April 25, 2007, the Attorney General certified that Valiente was acting within the scope of her federal employment at the time of the alleged incident and, pursuant to 28 U.S.C. § 2679, the United States of America was substituted for Valiente as a Defendant in the instant action. Thereafter, the instant action became governed by Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, ("FTCA") and the Government removed the case to federal court. The Government moves to dismiss the instant action since Plaintiffs have not yet exhausted the administrative remedies available to them.

**STATEMENT**

Under the FTCA, a plaintiff must present a claim for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" to the appropriate federal agency as an initial step. 28 U.S.C. § 2675(a). Only upon such agency's final denial of the claim, or the failure of the agency to issue a final decision within six months from the date the claim was presented, may a plaintiff initiate a FTCA action against the United States of America. *Id.*; *see McNeil v. United States*, 508 U.S. 106, 111 (1993)(holding that the "command that an 'action shall not be instituted . . . unless the claimant [has] first presented the claim to the appropriate Federal agency and his claim [is] finally denied by the agency in writing and sent by certified or registered mail' is unambiguous")(quoting in part 28 U.S.C. § 2675(a)); *Alexander v. Mt. Sinai Hosp. Med. Center*, 484 F.3d 889 (7th Cir. 2007)(upholding the district court's dismissal of claims against the Government as administrative remedies were not exhausted pursuant to the FTCA); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997)(stating that "[n]o one may file suit under the Federal Tort Claims Act without first making an administrative claim"). That an administrative claim must precede a suit is a mandatory requirement that serves the purpose of facilitating an "administrative evaluation of tort claims by the agency whose activity gave rise to the claim" and permitting "settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005).

In the instant action, the alleged negligent act was performed within the scope of Valiente's employment as a physician funded by the Public Health Service. As such, Plaintiffs are required pursuant to 28 U.S.C. § 2675(a) to present their claims to the appropriate federal agency, the Department of Health and Human Services, before they can file suit against the United States of America. Plaintiffs' complaint does not contain allegations that Plaintiffs have presented their disputes to the Department of Health and Human Services. In addition, the Government states in its motion that Plaintiffs have failed to present an administrative claim to the Department of Health and Human Services. Thus, without evidence to the contrary, Plaintiffs have not met the administrative claim prerequisite, and have filed an FTCA suit against the United States of America prematurely. Therefore, we grant the Government's motion to dismiss.

In regard to the remaining state law claims, the Seventh Circuit has stated that where a court

**STATEMENT**

dismisses a federal claim and the sole basis for invoking federal jurisdiction has become nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains, "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims"); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). In addition, under 28 U.S.C. § 1367(c)(3), a federal district court may dismiss a plaintiff's supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to dismiss supplemental claims is discretionary. *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997). In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources . . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 276 (7th Cir. 1994).

In the instant action, we have dismissed Plaintiffs' claims against the Government since Plaintiffs filed an FTCA suit against the United States of America prematurely. This court also lacks subject matter jurisdiction to hear Plaintiffs' underlying state law tort claims. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999)(stating it is within the discretion of the district court to retain or refuse supplemental jurisdiction over remaining state law claims when the federal law claim fails). According to the complaint, both Plaintiffs and Mercy Hospital and Medical Center are domiciled in Illinois, thereby destroying federal diversity subject matter jurisdiction. In addition, we have considered the relevant factors indicated above and have determined that it is appropriate at this point to decline to exercise jurisdiction over the state law tort claim as a matter of discretion. Based upon the foregoing analysis, we dismiss the instant action as to the Government and remand the instant action.